### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **Michael Colin Tummings,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) **COMPLAINT AND ACTION IN** |
| v. | ) **MANDAMUS FOR DECLARATORY** |
| | ) **AND INJUNCTIVE RELIEF AND** |
| **Department of Homeland Security** | ) **UNDER THE FREEDOM OF** |
| **(DHS);** | ) **INFORMATION ACT (FOIA)** |
| | ) |
| **U.S. Citizenship and Immigration** | ) **CIVIL ACTION NO. _____** |
| **Services (USCIS);** | ) |
| | ) **AGENCY CASE NUMBERS:** |
| **USCIS National Benefits Center,** | ) **IOE0906586136; NRC2019528538;** |
| **USCIS, DHS;** | ) **NRC2019528544; A219-187-867** |
| | ) |
| **USCIS National Records Center,** | ) |
| **USCIS, DHS;** | ) **REQUEST FOR ORAL ARGUMENT** |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |
| | ) |

### COMPLAINT AND ACTION IN MANDAMUS FOR DECLARATORY AND INJUNCTIVE RELIEF AND UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff, Michael C. Tummings, by and through his undersigned counsel, asks this Court to issue a Writ of Mandamus, an Order to Compel Adjudication under the Administrative Procedure Act ("APA"), for injunctive or other appropriate relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and for the disclosure and release of agency records improperly withheld from plaintiff by defendant U.S. Citizenship and Immigration Services ("USCIS"), a component of the U.S. Department of Homeland Security ("DHS"), and the USCIS National Records Center, and for adjudication of his Form N-600 Application for Certificate of Citizenship ("N-600 application"), which Mr. Tummings filed on April 26, 2019.  Plaintiff filed his FOIA requests with defendant USCIS on April 25, 2019, and these requests have now been pending for one hundred and forty-three (143) days.  *See* Exhibits A, B and C.

## I. INTRODUCTION

1.      This civil action seeks disclosure and release of records held by defendant USCIS relating to Plaintiff's admission to the United States as a lawful permanent resident in 1962, as well as a complete copy of his complete "Alien file," through the Freedom of Information Act.

2.      This action also seeks to compel defendant USCIS to adjudicate Plaintiff's pending N-600 application, without which he will soon lose his privilege to drive.  *See* Exhibits C and D.

3.      This action seeks an order from this Honorable Court finding that Defendants have unlawfully and unreasonably withheld adjudication of Plaintiff's N-600 application.

4.      Plaintiff also seeks an order from this Honorable Court compelling the Defendants to adjudicate his N-600 application within 15 days of the Court's order pursuant to 5 U.S.C. §706(1).

5.      If this Honorable Court does not see it fit to issue an order pursuant to 5 U.S.C. §706(1), Plaintiff asks the Court to issue a Writ of Mandamus, ordering the Defendants to adjudicate Plaintiff's N-600 application within 15 days of the Court's order.

6.      Plaintiff is entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

7.      Plaintiff is entitled to reasonable attorneys' fees and costs pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552(a)(4)(E).

## II. JURISDICTION AND VENUE

8.      This Honorable Court has subject matter jurisdiction over the claims alleged in this action under 5 U.S.C. §552 (FOIA), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1361 (the mandamus statute) as Plaintiff asks this Court to compel Defendants, officers of the United States, to perform a duty owed under 5 U.S.C. 552 (FOIA) and 8 CFR §341.5 (Decision on Application for Certificate of Citizenship), respectively.

9.      Under 5 U.S.C. §552(a)(4)(B), venue is proper in the United States District Court for the District of Maryland because Plaintiff resides in Columbia, Maryland, which is located within the District of Maryland.

### III.  THE PARTIES

10.     Plaintiff, Mr. Michael C. Tummings, is an adult citizen of the United States.  He resides at 5241 Lightfoot Path, Columbia, MD 21044.  Mr. Tummings became a U.S. citizen when he was admitted for lawful permanent residence by the legacy Immigration and Naturalization Service ("INS") in 1962.  Mr. Tummings' parents immigrated to the U.S. in the 1950s, leaving him in Jamaica, and after they completed their oath of citizenship ceremonies in Brooklyn, New York, they petitioned for their son.  By operation of law, Mr. Tummings' admission into the U.S. and into his parents' custody (who were U.S. citizens when he entered the US) in 1962, acted as a grant of citizenship to him.  *See* INA §321 (as amended by Public Law 95-417.5) and Exhibit C.  Mr. Tummings has filed two (2) FOIA requests seeking his US immigration records and a N-600 Application for a Certificate of Citizenship.  *See* Exhibits A-C.

11.     Defendant U.S. Citizenship and Immigration Services ("USCIS") is a component sub-agency of the U.S. Department of Homeland Security ("DHS") and is charged with, *inter alia*, adjudicating N-600 Applications for Certificates of Citizenship.  USCIS has a duty to adjudicate Plaintiff's N-600 application.

12.     Defendant USCIS is also charged with responding to Freedom of Information Act requests under 5 U.S.C. §552(f).  USCIS has a duty to research its records and respond to Plaintiffs two (2) FOIA requests.

13.     Defendant U.S. Department of Homeland Security is the defendant agency charged with, *inter alia*, overseeing the immigration and naturalization processes that occur in the United States.

14.     Defendant USCIS National Benefits Center ("NBC") is a centralized USCIS office that is charged with adjudicating N-600 Applications for Certificates of Citizenship.

15.     Defendant USCIS National Records Center ("NRC") is the centralized FOIA office that receives, tracks, and processes all FOIA requests for USCIS.  The NRC is charged with

researching and responding to all FOIA requests received by USCIS.

### IV.  STATEMENT OF FACTS

16.     Plaintiff Michael C. Tummings was born in Jamaica in 1952.  His parents immigrated to the U.S. and became residents in the New York City area.  After his parents completed their oath of citizenship ceremonies in Brooklyn, NY, they sent for their son.  *See*, Declaration of Michael Tummings, Exhibit C.

17.     Plaintiff was issued an immigrant visa by the U.S. Consulate in Jamaica and he was inspected and admitted into the United States for lawful permanent residency by one or more officers of the legacy-Immigration and Naturalization Service ("INS").  *See*, Exhibit C.

18.     By operation of law, Mr. Tummings' lawful permanent residency (or "green card status") was converted into U.S. citizenship, when he was admitted into the U.S. for permanent residency and into the custody of his U.S. parents.  *See* Exhibit C and INA §321 (as amended by Public Law 95-417.4, the version of U.S. immigration law in effect in 1962).

19.     Plaintiff lives in Columbia, Maryland, and works in Prince George's County, Maryland.  *See*, Exhibit C.

20.     Plaintiff has been unable to obtain an unrestricted driver's license in the State of Maryland, due to his lack of a U.S. passport or U.S. Certificate of Citizenship, and as a result, his current temporary driver's license expires on September 22, 2019.  *See*, Copy of Michael Tummings' Temporary Driver's License, at Exhibit D.

21.     Plaintiff applied for a U.S. passport at the Washington Passport Agency in Washington, DC, but was told that his case was too complicated and that he needed to submit his request via Form DS-11 to the U.S. Department of State by mail.  *See*, Exhibit C.

22.     Plaintiff did so, but he received a request for additional documentation from the U.S. Department of State.  This request specifically asked for his parents' **original** (no photocopies) certificates of naturalization, evidence of Mr. Tummings' admission to the U.S. in 1962, and his parents' **original** marriage certificate.  *See*, National Passport Center request dated

April 10, 2019, at Exhibit E.

23.     Plaintiff has copies of his parents' Certificates of Naturalization and marriage license, but he does not have the original certificates or marriage license nor does he have his passport from 1962 or any documents from his admission into the U.S.  *See*, Exhibit C.

24.     Viewing his chances of being approved for a U.S. passport with his current documentation to be near zero, Plaintiff submitted two (2) Freedom of Information Act requests seeking records of his 1962 admission into the U.S. and a complete copy of his Alien file.  *See*, Exhibit C.

25.     Plaintiff submitted his two (2) FOIA requests to USCIS electronically, per the UCSIS' published instructions, on April 25, 2019.  *See*, Exhibit A.

26.     The next day, Plaintiff submitted his Form N-600 Application for Certificate of Citizenship to defendant USCIS, along with all of the documentation relating to his parents' marriage and naturalization and his birth that he possessed.  *See* Exhibits B and C.

27.     Since April 25, 2019, Plaintiff has repeatedly checked the status of his FOIA requests and sent a request for a status update from USCIS, but has not received any documents in response to his requests.  *See* Exhibits A, C, G-J.

28.     Plaintiff has been waiting for nearly 150 days for a response from USCIS to his two (2) FOIA requests.  *See*, TimeAndDate.com calculation at Exhibit K; *See also*, Exhibits A and C.

29.     Concerned over his impending loss of driving privileges, Plaintiff contacted U.S. Senator Ben Cardin's office and asked for the Senator's help in resolving the delay in his N-600 application.  *See* Exhibit F.

30.     The delay in the adjudication of Plaintiff's N-600 application has caused, and is causing, ongoing harm and problems for Plaintiff and his family.  Plaintiff has had to make repeated trips to the Maryland Motor Vehicle Administration and has suffered from stress and frustration trying to obtain a Real ID Act-compliant driver's license.  *See* Exhibit C.

31.     Since April 25, 2019, Defendants have failed to respond to Plaintiff's two (2)

properly filed FOIA requests.  *See* Exhibits A and C.

32.     Since April 26, 2019, Defendants have failed to adjudicate Plaintiff's N-600 application.  *See* Exhibits B and C.

33.     Despite Plaintiff's efforts and his contact with U.S. Senator Ben Cardin, his N-600 application remains unadjudicated.  *See* Exhibit C.

34.     The USCIS Baltimore Field Office has suspended in-person appointments where self-petitioners and applicants could previously request status updates on their cases.  *See* Exhibit L, USCIS Baltimore Field Office official webpage, last updated July 18, 2019.

35.     Accordingly, Plaintiff has exhausted all administrative remedies available to him. *See* Exhibits B, C, F, J and L.

## V.  LEGAL FRAMEWORK

### A.  The Freedom of Information Act

36.     The Freedom of Information Act provides a mechanism for citizens to obtain documents from federal agencies, and grants federal district courts jurisdiction to review agency compliance with citizens' requests.  *See Sanders v. United States*, Civ. Action No. DKC-06-1528, 2006 WL 4707001, at *3 (D.Md. Nov. 14, 2006).

37.     To make a request under FOIA, a citizen must follow the individual agency's published regulations regarding procedures to be followed.  *See* 5 U.S.C. §552(a)(3)(A)(ii); *Pollack v. Dep't of Justice*, 49 F.3d 115, 118 (4th Cir. 1995).  FOIA provides that, subject to certain statutory exemptions, federal agencies shall "upon any request for records reasonably describe such records . . . make the records promptly available to any person."  5 U.S.C. §522(a)(3)(A).

38.     Under FOIA, federal agencies are required to respond to a FOIA request within 20 business days, unless there are "unusual circumstances."  5 U.S.C.A. §552(a)(6)(A)(i).  Federal agencies may extend this 20 work day period by an additional 10 working days, but they must inform the FOIA applicant of their decision to do so based on "exceptional circumstances." 5 U.S.C.A. §552(a)(6)(B)(i).

39.     The FOIA defines "unusual circumstances" as (1) the need to search for and collect records from separate offices, (2) the need to examine a voluminous amount of records required by the request, and (3) the need to consult with another agency or agency component.  5 U.S.C.A. §552(a)(6)(B)(iii).

40.     If the required extension exceeds ten days, the federal agency must allow the FOIA requestor an opportunity to modify his or her request, or to arrange for an alternative time frame for completion of the agency's processing.  5 U.S.C.A. §552(a)(6)(B)(ii).

41.     Under FOIA, a prevailing plaintiff may be awarded costs and reasonable attorneys fees incurred in the FOIA-related action.  *See* 5 U.S.C. §552(a)(4)(E).

**B.  The Mandamus Act**

42.     Under 28 U.S.C. §1361, the federal mandamus statute, this Court has "original jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  (Mandamus statute is only a source of jurisdiction for district courts to exercise write of mandamus to employee of the Executive branch.  *See U.S. v. Choi*, 818 F.Supp.2d 79 (D.D.C. 2011))

43.     Mandamus relief may be invoked where "three elements co-exist: (1) the petitioner has shown a clear right to the relief sought; (2) the respondent has a clear duty to do the particular act requested by the petitioner; and (3) no other adequate remedy is available."  *In re First Fed. Sav. & Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Estate of Michael ex rel. Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999); *Mohammed v. Holder*, 695 F. Supp.2d 284, 291 (E.D.Va., 2010).

44.     Plaintiff has a statutory right to apply for a certificate of citizenship.  *See* 8 CFR §341.1, *et seq.*

45.     The Defendants have a statutory duty to adjudicate Form N-600 Applications for Certificates of Citizenship within a reasonable time.  When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that benefit applications filed

under the Immigration and Nationality Act ("INA") (which include N-600 applications) "should be completed not later than 180 days after the initial filing of the application…"  *See* 8 U.S.C. §1571(b).

46.    When USCIS fails to comply with this statutory duty, the APA gives the District Court the power to compel the administrative agency that has been unlawfully withheld or unreasonably delayed.  *See* 5 U.S.C. §706(1).

47.    If this Court finds that relief under the APA is not available, or should not be granted, then relief under the Mandamus Act is available to Plaintiff.

## C.  The Administrative Procedure Act

48.    Under the Administrative Procedure Act (APA), courts have been authorized to compel agency action that has been unreasonably delayed.  See 5 U.S.C. §706(1).  An action to compel agency action under the APA is nearly identical to that of the mandamus statute when a plaintiff asks the Court to compel an agency to perform a non-discretionary duty.  *See Miao He v. Chertoff*, 528 F.Supp.2d 879, 884 (N.D. Ill. 2008)

49.    An agency must "conclude a matter presented to it… within a *reasonable* time."  5 U.S.C. §555(b) (emphasis added).  The Defendants generally have a statutory duty to adjudicate Form N-600 applications within 180 days.  *See* 8 U.S.C. §1571(b).

50.    Assessing reasonableness frequently involves a balancing test, in which a statutory requirement is a very substantial factor.  *See Telecommunications Research & Action Center (TRAC) v. FCC*, 750 F.2d 70, 77-78 (D.C. Circ. 1984).

51.    In determining what constitutes reasonableness, Federal courts regularly apply the following six "TRAC factors":

    a.  "the time agencies take to make decisions must be governed by a 'rule of reason';

    b.  where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

    c.  delays that may be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

    d.  the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

    e.  the court should also take into account the nature and extent of the interests prejudiced by delay; and

    f.  the court need not 'find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."'

*See TRAC v. FCC*, 750 F.2d 70, 79-81 (D.C. Cir. 1984); *see also Geneme v. Holder*, 935 F.2d 184, 192-93 (D.C. Cir. 2013).

52.    The APA also provides that courts "shall compel agency action unlawfully withheld." 5 U.S.C. §706(1). This provision has been found by some courts to eliminate court discretion once the court has determined that the agency has violated a statutory deadline. *See Forrest Guardians v. Babbit*, 174 F.3d 1178 (10th Cir. 1998); *see also South Carolina v. United States*, 907 F.3d 742, 760 (4th Cir. 2018) (finding that "the text of §706(1) has no ambiguity and leaves no space for discretion when a court addresses an unlawfully withheld agency action" like failing to comply with a statutory deadline); and *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1178 (9th Cir. 2002) ("Congress has specifically provided a deadline for performance by the Service, so no balancing of factors is required or permitted.").

53.    Plaintiff has a statutory right to apply for a certificate of citizenship and to be considered for such benefit. *See* 8 CFR §341.1, *et seq.*

54.    Plaintiff has no adequate remedy at law and will continue to suffer irreparable harm, including an inability to travel to his job, if his Form N-600 Application for Certificate of Citizenship are not promptly adjudicated.

## VI.  CLAIMS FOR RELIEF

### Count I

### Freedom of Information Act (5 U.S.C. §552)

55.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56.     Plaintiff has a statutory right under FOIA, 5 U.S.C. §552(a)(3)(A), to the records that he requested.  No valid legal basis exists for the failure by Defendants to disclose these records to Plaintiff.

57.     Defendants have not performed their statutory duty in providing records in response to Plaintiff's request within the time frames provided for in the FOIA.  *See* 5 U.S.C.A. §552(a)(6)(A)(i) and 5 U.S.C.A. §552(a)(6)(B)(i).

58.     Plaintiff is entitled to an award of costs and reasonable attorney's fees incurred in this FOIA-related action.  *See* 5 U.S.C. §552(a)(4)(E).

### Count II

### Mandamus Act (18 U.S.C. §1361)

59.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

60.     By statute, district courts may compel an officer or employee of the United States to perform a duty owed to the plaintiff.  28 U.S.C. §1361.  This includes the authority to compel an agency to act.  *See United States ex rel Rahman v. Oncology Assoc., P.C.,* 198 F.3d 502, 509 (4th Cir. 1999).

61.     Plaintiff has a right to receive a timely decision on his Form N-600 Application for Certificate of Citizenship.  *See* 8 CFR §341.1, *et seq.*

62.     Defendants owed Plaintiff the duty to adjudicate his Form N-600 application within a reasonable amount of time or 180 days from the date he filed his N-600 application.  *See* 8 U.S.C. §1571(b).

63.     No adequate remedy exists at law, for the reasons outlined above.  Plaintiff has inquired about his Form N-600 application.  He contacted one of his U.S. Senators, Ben Cardin, who made an inquiry with Defendant USCIS on his behalf.  *See* Exhibit F.

64.     As a result of the delay in adjudication, Plaintiff has suffered economic, personal, and emotional hardship and has been required to make multiple visits to the Maryland Motor Vehicle Administration to obtain temporary driver's licenses of short validity.  *See* Ex. C and D.

65.     The delay in the adjudication of Plaintiff's N-600 application is unreasonable and leaves him without an adequate remedy.  Having contacted USCIS through one of his U.S. Senators, and noting that USCIS no longer schedules any in-person INFOPASS appointments at the USCIS Baltimore Field Office, Plaintiff has exhausted his administrative remedies.  *See* Exhibits F and L.  As such, Plaintiff seeks a Writ of Mandamus to end Defendant USCIS' unreasonable delay and refusal to adjudicate Plaintiff's N-600 application.

## Count III

### Administrative Procedure Act (5 U.S.C. §706(1))

66.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

67.     The Defendants have unreasonably delayed adjudication of Plaintiff's N-600 application, despite a clear statutory deadline requiring them to adjudicate it within 180 days, and despite the APA's mandate that an agency must "conclude a matter presented to it…within a reasonable time." *See* 8 U.S.C. §1571(b) and 5 U.S.C. §555(b).

68.     As a result of the delay in adjudication, Plaintiff has suffered economic, personal, and emotional hardship and has been unable to maintain unrestricted driver's privileges in the State of Maryland.  *See* Exhibits H and I.

69.    No other adequate remedy exists at law, and this delay is unreasonable and leaves Plaintiff without an adequate remedy.  *See Geneme v. Holder*, 935 F.2d 184, 192-93 (D.C. Cir. 2013); *Razik v. Perryman*, 2003 U.S. Dist. LEXIS 13818, *2 (N.D. Ill. 2003) (concluding that the defendant's failure to adjudicate the plaintiff's petition was unreasonable and left the plaintiff without an adequate remedy).

70.    Having followed the procedures set forth by Defendant USCIS and exhausted his administrative remedies, Plaintiff seeks a court order compelling the Defendants to adjudicate Plaintiff's N-600 application.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Honorable Court to:

(1)    Find that the Defendants have unlawfully withheld responses to Plaintiff's two (2) requests under the Freedom of Information Act;

(2)    Compel the Defendants to respond with production of documents to Plaintiff's two (2) requests under the Freedom of Information Act within 15 days of this Court's order;

(3)    Find that the Defendants have unlawfully withheld adjudication of Plaintiff's N-600 Application for Certificate of Citizenship;

(4)    Find that the Defendants have unreasonably delayed adjudication of Plaintiff's N-600 Application for Certificate of Citizenship;

(5)    Pursuant to 5 U.S.C. §706(1), compel the Defendants to promptly adjudicate Plaintiff's N-600 Application for Certificate of Citizenship within 15 days of this Court's order;

(6)    Issue a Writ of Mandamus, ordering Defendants to adjudicate Plaintiff's N-600 Application for Certificate of Citizenship within 15 days of the Court's order;

(7)    Grant attorney's fees, expenses and costs of court to Plaintiff, pursuant to the EAJA;

(8)    Grant costs and reasonable attorney's fees under 5 U.S.C. §552(a)(4)(E); and

(9)    Grant such other relief as this Court deems necessary and proper.


Respectfully submitted on this 16th day of September 2019.

/s/Brian S. Green, Esquire
Brian S. Green
Bar # 19493
THE LAW OFFICE OF BRIAN GREEN
5930 N. Figueroa Street, #421239
Los Angeles, CA  90042
Tel:  (443) 799-4225
Fax:  (323) 285-0056

Attorney for Plaintiff